IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JON JUNKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-992-M |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

Before the Court is defendant's Motion to Quash and for Protective Order, filed March 28, 2007. On March 29, 2007, plaintiff filed his response. Defendant moves the Court for an order quashing the deposition notices for Richard Lawson, John Mulchrone, Dale Christopherson, and Stacy Kjera issued by plaintiff and for a protective order barring plaintiff from conducting these depositions.

On March 28, 2007, plaintiff issued the above-referenced deposition notices scheduling these depositions for April 2, 2007. Defendant asserts, in part, that the notice it received of these depositions is unreasonable and that the deposition notices should be quashed on this basis. Federal Rule of Civil Procedure 30(b)(1) provides, in pertinent part: "[a] party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action." Fed. R. Civ. P. 30(b)(1). Local Civil Rule 30.1(b) provides: "[r]easonable notice to parties as contemplated by Fed. R. Civ. P. 30(b)(1) for the taking of depositions <u>shall</u> be five (5) days." LCvR 30.1(b) (emphasis added). Further, "[w]hen the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." Fed. R. Civ. P. 6(a).

Accordingly, the Court finds that plaintiff did not provide five days' notice of the above-

referenced depositions and, thus, pursuant to Local Civil Rule 30.1(b), did not provide reasonable notice to defendant. Plaintiff, however, asserts in his response that he was left with no choice but to issue these deposition notices when he did because defendant had never acknowledged or responded to his prior request to schedule these depositions. While the Court does not condone defendant's failure to respond, the Court finds that plaintiff's excuse does not establish good cause for the failure to provide reasonable notice because regardless of defendant's lack of response, plaintiff clearly could have issued the notices three days earlier and have satisfied the reasonable notice requirement. The Court, therefore, finds that these deposition notices should be quashed.

Accordingly, the Court GRANTS defendant's Motion to Quash and for Protective Order [docket no. 41], QUASHES the deposition notices for Richard Lawson, John Mulchrone, Dale Christopherson, and Stacy Kjera issued by plaintiff, and BARS plaintiff from taking these depositions on April 2, 2007.[1]

**IT IS SO ORDERED this 30th day of March, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE

---

[1] However, if the Court grants plaintiff's motion to extend the discovery deadline, plaintiff is not prohibited from taking these depositions at some other time. If this happens, the Court would encourage counsel to work together to schedule these depositions.