IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JON JUNKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-05-992-M |
| | ) | |
| LAWSON SOFTWARE, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is defendant's Motion to Strike Plaintiff's Expert Witness or Alternative Motion for Extension of Time, filed March 1, 2007. On March 28, 2007, plaintiff filed his response. Based upon the parties' submissions, the Court makes its determination.

On October 3, 2006, the Court entered a Scheduling Order directing plaintiff to file his final list of expert witnesses in chief and expert reports by February 15, 2007. On February 15, 2007, plaintiff filed his final list of expert witnesses which identified Dr. James F. Horrell as an expert witness. In that filing, plaintiff indicated that Dr. Horrell's expert report would be provided to defense counsel by February 23, 2007. On February 23, 2007, plaintiff re-filed his final list of expert witnesses and attached a preliminary, unsigned report from Dr. Horrell.

Defendant now moves this Court to strike Dr. Horrell as an expert witness in this case because his expert report was untimely and does not otherwise comply with the requirements of Federal Rule of Civil Procedure 26. In the alternative, defendant requests an extension of its deadline to file its final list of expert witnesses and expert reports.

Federal Rule of Civil Procedure 37(c)(1) provides, in pertinent part: "A party that without substantial justification fails to disclose information required by Rule 26(a) . . . is not, unless such failure is harmless, permitted to use as evidence at a trial . . . any witness or information not so

disclosed." Fed. R. Civ. P. 37(c)(1). "The determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (internal quotations omitted). In determining whether a violation is justified or harmless, a court should consider the following factors: "(1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.* (internal quotations omitted).

Having carefully reviewed the parties' submissions, and having considered the above factors, the Court finds that plaintiff's violation of Rule 26(a) is harmless and that Dr. Horrell should not be stricken as a witness in this case. Specifically, the Court finds that defendant will not be prejudiced if Dr. Horrell is allowed to testify as an expert in this case. The Court finds that the nominal delay of eight days in filing the report has not resulted in any prejudice or surprise to defendant. Additionally, the Court finds that because Dr. Horrell was listed as a witness regarding plaintiff's economic loss in the parties' Joint Status Report and Discovery Plan, which was filed on September 27, 2006, defendant should not have been surprised by Dr. Horrell's report.

Further, the Court finds that any prejudice defendant might suffer is easily cured. The matter is not set for trial until the Court's July, 2007 trial docket. Thus, defendant has ample time to depose Dr. Horrell and to obtain an expert of its own.[1] Additionally, the Court finds that introducing Dr. Horrell's testimony would not disrupt the trial and that plaintiff's untimely disclosure of Dr. Horrell's report was not done in bad faith or willfully. Accordingly, the Court finds that Dr. Horrell

---

[1]As set forth *infra*, the Court will grant defendant an extension of time to file its final list of expert witnesses and expert reports.

should not be stricken as a witness in this case.

Finally, it is unclear to the Court whether a final, signed report that complies with Rule 26(a) has been provided to defendant. If plaintiff has not provided such a report, the Court finds that the report must be provided within seven (7) days of the date of this Order. Additionally, the Court finds that, in the interest of justice and to cure any prejudice from the untimely filing of Dr. Horrell's report, defendant is entitled to an extension of its deadline to file its final list of expert witnesses and expert reports.

Accordingly, the Court GRANTS IN PART and DENIES IN PART defendant's Motion to Strike Plaintiff's Expert Witness or Alternative Motion for Extension of Time [docket no. 29] as follows:

(1) The Court DENIES defendant's Motion to Strike Plaintiff's Expert Witness;

(2) The Court ORDERS plaintiff to provide a final, signed expert report of Dr. Horrell that complies with Rule 26(a) within seven (7) days of the date of this Order, if said report has not already been provided to defendant; and

(3) The Court GRANTS defendant's Motion for Extension of Time and EXTENDS defendant's deadline to file its final list of expert witnesses and expert reports until ten(10) days from the date of this Order, or ten (10) days from the date plaintiff provides defendant a copy of Dr. Horrell's final report, whichever is longer.

**IT IS SO ORDERED this 13th day of April, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE